In the Matter of the ATTORNEY-GENERAL *v.* THE CONTINENTAL
LIFE INSURANCE COMPANY.

(Argued December 12, 1882 ; decided January 23, 1883.)

THIS was an appeal by certain policy-holders of defendant
from an order of General Term, which affirmed an order of
Special Term denying a motion on their part for a revaluation
of their policies.

The opinion, which is given nearly in full, states the facts so
far as material.

" Prior to 1875, the appellants had severally insured with the
defendant under policies, the premiums upon which were pay-
able two-thirds in cash and one-third in interest-bearing notes.
In the years of 1875 and 1876, in consideration of a reduction
of about one-third in the amount of the annual premiums to
be paid and of other advantages, the appellants surrendered to
the defendant their old policies and took in exchange therefor
new policies of the same amounts at the reduced premiums.
At the time of such exchange they severally executed to the
defendant a release of it from all claims on account of the
old policies, and covenanted to hold it harmless against all such
claims.

Afterward the company became insolvent, and a receiver of
its assets was appointed in October, 1876, and the question now
to be determined is, whether the appellants are to be allowed
the value of the old or of the new policies.    The court below
has determined that they are entitled to have allowed to them,
as claims against the assets in the hands of the receiver, the
values of the new policies, and that we think is right.

For considerations satisfactory to them, the appellants surrendered their old policies and took new ones upon different terms. Which policies, if they had been carried to maturity, would have been the most advantageous to the appellants, we are unable, from any data furnished in the record, to determine. They made the exchange upon the supposition and expectation that the new policies would be carried to maturity, and preferred them to the old ones, as otherwise they would not have made the exchange. They expressly released the company from all liability on account of the old policies. It does not appear and it is not alleged that the exchanges and the releases were procured by fraud or mistake. After the new policies were issued, the appellants had no further right or claim under the old policies, and whatever claim they have, they must base upon the new policies.

The certificate which was attached to each of the new policies, stating that the new policy was issued in lieu of the old policy, does not affect the question we have to determine. It did not keep the old policy in life or give any rights thereunder.

There are no data in the record to sustain the claim made by the appellants that the values of the new policies were not properly computed."

*Julius McAdam* for appellants.

*John C. Keeler* for the attorney-general, respondent.

*George W. Wingate* for the receiver, respondent.

EARL, J., reads for affirmance.
All concur.
Order affirmed.